162 N.J. Super. 225 (1978)
392 A.2d 640
SANDSON'S BAKERY, PLAINTIFF,
v.
BEULAH GLOVER, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided June 21, 1978.
Mr. Robert P. Clark for plaintiff (Messrs. Clark, Gertler & Hanna, attorneys).
Mr. Angelo P. DiCamillo for defendant (Messrs. Riley & DiCamillo, P.A., attorneys).
STEEDLE, J.S.C.
On or about April 19, 1975 defendant, while driving an automobile, allegedly collided with the electrical service of plaintiff's bakery, causing plaintiff's business to be disrupted. Plaintiff was reimbursed for losses *226 suffered as a result of the accident by its own insurer, Allstate Insurance Company. Subsequent to the date of the accident defendant's insurer, Maryland Insurance Company, became insolvent. This action was instituted by plaintiff for the purpose of allowing its insurer, Allstate, to pursue its right of subrogation against defendant. Defendant now moves for summary judgment pursuant to the New Jersey Property-Liability Insurance Guaranty Association Act, which prohibits subrogation claims against the Assocation. N.J.S.A. 17:30A-5(d).
In order to grant a motion for summary judgment the court must determine that no genuine issue as to a material fact exists. Judson v. People's Bank & Trust Co. of Westfield, 17 N.J. 67 (1954). The pleadings and briefs submitted by the parties to this action do not raise any genuine issue as to a material fact.
The sole issue for determination is whether N.J.S.A. 17:30A-5(d) prohibits an insurance company from exercising its right of subrogation against a defendant directly when the defendant's insurer has become insolvent.
N.J.S.A. 17:30A-5(d) provides that "`covered claim' shall not include any amount due any reinsurer, insurer, insurance pool or underwriting association * * *."
Plaintiff correctly points out that this section does not specifically prohibit subrogation against an individual defendant. Nevertheless, N.J.S.A. 17:30A-5 does not specifically permit subrogation against an individual defendant whose insurer has become insolvent subsequent to the time of the accident. Rather, this section does no more than define what class of claims are "covered claims" within the meaning of the act.
It is clear that the intention of the Legislature, when enacting this act, was to provide protection from insolvent insurers not only to innocent injured third parties, such as plaintiff, but also to those insured by an insurer that becomes insolvent. N.J.S.A. 17:30A-2(a) entitled, "Purpose," states that "The purpose of this Act is to provide a mechanism *227 for the payment of covered claims under certain insurance policies, * * * to avoid financial loss to claimants or policyholders because of the insolvency of an insurer * * * and to provide an association to assess the cost of such protection among insurers." (Emphasis added). Further, N.J.S.A. 17:30A-4(a) states that "This Act shall be liberally construed to effect the purpose under section 2 which shall constitute an aid and guide to interpretation."
It is clear, after reading all sections of the act together, that it is the intent of the statute to prohibit subrogation claims against an insured of an insolvent company as well as the Association itself. Therefore, no subrogation claim may lie against the individual defendant, Beulah Glover.
Accordingly, the motion of the individual defendant for summary judgment is granted.